UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, James McFeely, being duly sworn, hereby depose and state the following:

## INTRODUCTION AND QUALIFICATIONS

1. I, James McFeely, have been employed with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) since January of 2016 and have been a Special Agent with ATF since July of 2016. I am an investigative or law enforcement officer of the United States, empowered by law to conduct investigations, make arrests, and conduct seizures for offenses enumerated in Chapter 203, Section 3051, Title 18, United States Code. I have attended the Criminal Investigator Training Program and the Bureau of Alcohol, Tobacco, Firearms and Explosives Special Agent Basic Training Program, both located at the Federal Law Enforcement Training Center in Glynco, Georgia, for a combined period of approximately twenty-six weeks. I have received extensive training, both formal and on-the-job, in the provisions of the Federal Firearms, Arson, Explosives, and Narcotics Laws administered under Title 18, Title 21, and Title 26 of the United States Code. As a result of my training and experience as a Special Agent for ATF, I am familiar with federal firearms, arson, explosives, and narcotics laws. I am currently conducting investigations involving illegal narcotics. I was previously employed with the United States Border Patrol and have seventeen years of experience conducting the duties of a United States Border Patrol Agent.

1

## BACKGROUND

2. I am an investigator involved in a criminal investigation concerning JAMEL SMITH. I have reviewed reports and evidence of, spoken with other investigators regarding, and have been involved in the investigation relating to alleged violations of federal controlled substance laws by SMITH. On or about March 3, 2017, in the Northern District of Ohio, Eastern Division, SMITH did knowingly and intentionally possess with intent to distribute and distributed at least twenty-eight grams of a mixture and substance containing a detectable amount of cocaine base (crack), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B).

## PROBABLE CAUSE

3. On or about March 1, 2017, ATF Special Agent (SA) John Smerglia and FBI SA Gregory Brindza met with a Confidential Informant hereafter referred to as CI-1 in reference to SMITH. CI-1 has conducted multiple controlled purchases of crack cocaine from SMITH on behalf of ATF beginning in or around October 2016.

4. On or about March 1, 2017, while SA Smerglia and SA Brindza met with CI-1 other law enforcement agents/officers set-up surveillance in the areas of 1717 3rd Street SE Canton, Ohio 44707 and 622 Maryland Avenue SW Canton, Ohio 44710. The residence located at 1717 3rd Street SE Canton, Ohio was previously identified as that of SMITH. The residence located at 622 Maryland Avenue SW Canton, Ohio was recently identified as a narcotics trafficking location used by SMITH and others to sell cocaine/crack cocaine.

5. At approximately 2:14 p.m., after surveillance units were in place a recorded phone call was placed by CI-1 to SMITH. This phone call was placed at the direction of ATF SA Smerglia to 330-412-****. This phone call was not answered. CI-1 received a text message from SMITH after the phone call stating that SMITH was in court with his nephew and it would be approximately 20 minutes. It should be noted that ATF SA Smerglia used his vehicle clock to notate the time for the recorded phone call which was 2:14 p.m.; however, the time on the cellular phone of CI-1 appeared to be behind SA Smerglia's clock as the text message received after the placed phone call was noted on the CI-1's phone as being 2:13 p.m. CI-1 responded to SMITH with "OK".

6. At approximately 2:43 p.m., surveillance units observed SMITH arrive and park outside 1717 3rd Street SE Canton, Ohio. SMITH was driving a 4 door Mercedes Benz sedan which was purple/green in color. The Mercedes Benz had Ohio license plate GRD 3900 which was later found to be registered to APRIL MAYLE. APRIL MAYLE also has a grey Ford Freestar mini-van actively registered in the State of Ohio with license plate GNZ 2704. This vehicle is known to be used by SMITH to sell illegal narcotics (crack cocaine).

7. At approximately 2:44 p.m., at the direction of SA Smerglia CI-1 placed a second recorded phone call to SMITH at 330-412-****. This phone call was not answered.

8. At approximately 2:49 p.m., CI-1 received a phone call from SMITH but the phone call could not be answered by CI-1 at that time. At the direction of SA Smerglia CI-1 placed a third recorded phone call in response to SMITH at approximately 2:53 p.m. CI-1 called 330-412-**** and SMITH answered the call. CI-1 spoke to

SMITH about obtaining one ounce of crack cocaine. SMITH was receptive and CI-1 stated CI-1 was actually looking to obtain an ounce and a half of crack cocaine. Based on the conversation SMITH did not have the full amount CI-1 was looking for in the form of crack cocaine. SMITH and CI-1 spoke about the drugs being "undone" meaning the cocaine was in powder form and needed cooked into crack cocaine. CI-1 would get back to SMITH and the phone call was ended.

9. At approximately 3:00 p.m., at the direction of SA Smerglia CI-1 placed a fourth recorded phone call to SMITH at 330-412-****. SMITH answered the phone call. CI-1 informed SMITH that his/her customers wanted the cocaine "already put together" meaning in the form of crack cocaine. SMITH stated it would take him a little time to get it ready (cook the crack cocaine). SMITH stated that he had about half done if CI-1 wanted to try to keep the customers around. CI-1 stated that CI-1 was a middleman and CI-1 would expect the customers to come back. SMITH stated for CI-1 to call him (SMITH) back if CI-1 needed him (SMITH). CI-1 stated that the CI-1 would.

10. On or about March 3, 2017, SA Smerglia and SA Brindza met with CI-1 while other law enforcement agents/officers set-up surveillance in the areas of 1717 3rd Street SE Canton, Ohio 44707 and 622 Maryland Avenue SW Canton, Ohio 44710.

11. At approximately 10:29 a.m., CI-1 placed a recorded phone call to SMITH at the direction of SA Smerglia. CI-1 called 330-412-****; SMITH answered the phone call. CI-1 asked SMITH if they could meet to which SMITH replied affirmatively. CI-1 asked SMITH if CI-1 could obtain an ounce and a half of crack cocaine. SMITH stated CI-1 could and asked if CI-1 wanted SMITH to travel to CI-1. CI-1 informed SMITH

4

that CI-1 was by the laundromat (611 10th Street NW Canton, Ohio). SMITH stated to give him (SMITH) a few minutes and SMITH would be by.

12. SA Smerglia searched CI-1 for contraband with negative result. SA Brindza witnessed the search of CI-1. SA Smerglia provided CI-1 with government funds for the purchase of a quantity of crack cocaine. SA Smerglia wired CI-1 with a digital audio/video recording device and an ATF owned surveillance wire for audio transmission during the controlled purchase.

13. At approximately 10:42 a.m., CI-1 was dropped off in an area just south of 10th Street NW Canton, Ohio, by SA Smerglia and SA Brindza. CI-1 then walked to 611 10th Street NW Canton, Ohio.

14. At approximately 10:47 a.m., CI-1 received a phone call from SMITH. SMITH inquired as to whether CI-1 changed the meet location. CI-1 informed SMITH that CI-1 was waiting on SMITH.

15. At approximately 11:07 a.m., CI-1 placed a phone call to SMITH. CI-1 verified with SMITH that SMITH knew where CI-1 was located. SMITH stated he did know. SMITH stated that he (SMITH) was on 6th Street and Cherry (Canton, Ohio).

16. At approximately 11:12 a.m., SMITH arrived just west of the laundromat on 10th Street NW, Canton, Ohio (near 700 block). SMITH then called CI-1 via cellular phone to let CI-1 know of his (SMITH's) arrival. CI-1 notified SMITH that CI-1 was right behind him (SMITH). Shortly thereafter, CI-1 approached the grey Ford Freestar mini-van SMITH was driving. CI-1 entered the front passenger seat of the vehicle and spoke to SMITH.

17. SMITH provided 3 plastic baggies of crack cocaine to CI-1 while stating, "I just put em all in half" meaning SMITH packaged the crack cocaine as half ounces or 14 grams a bag. CI-1 asked for the price of the crack cocaine to which SMITH stated, $1,800.00. CI-1 provided SMITH $1,500.00 in government funds and then another $300.00 in government funds.

18. At approximately 11:15 a.m., CI-1 exited the front passenger seat of the mini-van. CI-1 walked away from the mini-van towards the laundromat on 10th Street NW (CI-1 traveled eastbound). CI-1 was then picked up by SA Smerglia and SA Brindza at a pre-determined location. SA Smerglia retrieved the digital audio/video recorder as well as the suspected crack cocaine purchased by CI-1. SA Smerglia searched CI-1 for contraband with negative result. SA Smerglia later weighed the suspected crack cocaine which weighed approximately 43.8 grams. SA Smerglia field tested the suspected crack cocaine which tested positive for cocaine.

19. On or about March 3, 2017, SA Smerglia submitted the crack cocaine purchased from SMITH to the Canton-Stark County Crime Laboratory for analysis. On or about March 7, 2017, SA Smerglia was contacted via telephone by Forensic Scientist Jennifer Creed. SA Smerglia was informed by Creed of a preliminary result in reference to the evidence purchased from SMITH on or about March 3, 2017. The evidence was cocaine base or crack cocaine with a weight of approximately 41.66 grams.

## CONCLUSION

20. Based on the aforementioned facts, there is probable cause to believe that JAMEL SMITH, did knowingly and intentionally possess with the intent to distribute and distributed at least twenty-eight (28) grams of a mixture and substance containing a

6

detectable amount of cocaine base (crack), a schedule II controlled substance, in violation of Title 21, U.S.C., sections 841(a)(1) and (b)(1)(B).

*[signature]*

James C. McFeely
Special Agent, ATF

Subscribed and sworn before me this 9th day of March 2017.

*[signature]*

Honorable George J. Limbert
United States Magistrate Judge