ADAMS, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:17CR91 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Judge John R. Adams |
| JAMEL A. SMITH, | ) | |
| | ) | ORDER |
| Defendant. | ) | |
| | ) | |

Upon a showing or finding of "reasonable cause," pursuant to 18 U.S.C. § 4241, this Court is required to order a hearing to address the matter of the defendant's competency. Prior to any such competency hearing, the Court "may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court." 18 U.S.C. § 4241(b). The report must be conducted by a "licensed or certified psychiatrist or psychologist . . . designated by the court." 18 U.S.C. § 4247(b).

Upon motion of the Government and after a proceeding wherein the Court explored the

issue of Defendant's competency, the Court finds that there is reasonable cause to believe that the Defendant, Jamel Smith, may presently be suffering from a mental disease or defect rendering him incompetent to understand the nature and consequences of the proceedings against him or to assist in his defense.  This finding is supported by Smith's acknowledgment that he suffers from post-traumatic stress disorder and is currently taking some dosage of Tramadol.  It is further supported by Smith's inability and/or outright refusal to discuss any aspect of his current criminal matter. Instead, Smith remains fixated on his 2002 convictions and continues to assert that the undersigned and another member of this bench have conspired together in some effort to deprive him of a defense.  As Smith has refused to meet and discuss his case with either of his two prior counsel or his current standby counsel, the Court has grave concerns over his ability to assist in his own defense.  These concerns are only heightened by Smith's insistence that he proceed *pro* se in this matter.

The Court hereby orders the Defendant Jamel Smith undergo a psychiatric and/or psychological examination to determine his mental competence, pursuant to 18 U.S.C. § 4241(a).

The Court further orders that Defendant Jamel Smith be committed to the custody of the Attorney General of the United States for the purpose of such evaluations for a reasonable period not to exceed thirty (30) days from the date of the defendant's arrival at the medical facility. Upon a request for an extension made by the director of such facility, the Court will consider granting the facility an additional fifteen (15) days for such evaluations in accordance with § 4247(b). The Defendant shall be evaluated at a suitable Federal Medical Center closest to the Court, if possible.

The Court further orders that, in accordance with § 4247(c), following the conclusion of

the competency evaluation, a psychiatric or psychological report shall be prepared by the examiner designated to conduct the psychological or psychiatric evaluations and the report shall be filed with the Court and copies provided to Defendant, standby counsel for the Defendant, and counsel for the government. In addition to any information that may assist the Court, the report shall include the information described in § 4247(c)(1)-(4)(A)-(B).

The U.S. Marshal Service shall make appropriate arrangements to have Defendant, within ten (10) days, transferred under custody to a facility where such examination of the Defendant can be conducted.

The Court further finds that, for the reasons stated in the Government's Motion for a Mental Health and Competency Examination, the trial of this matter should be continued until after a mental examination of Defendant has been concluded and a determination has been made regarding Defendant's competency to stand trial, and that the period of delay should be excluded from computation under Title 18, United States Code, Section 3161 et seq. (the "Speedy Trial Act"). Therefore, the Court ORDERS that 1) the trial of this matter is continued until further order of the Court, and 2) the Court's superseding trial order (Doc. 21) is vacated.

It is ordered that, pursuant to Section 3161(h)(7) of the Speedy Trial Act, because of the complexities of the mental health issues that have been recently raised and the need to avoid unfair surprise and potential further delays of trial, this period of delay is excluded from computation because the ends of justice served by taking this action outweigh the best interest of the public and Defendant in a speedy trial, and the failure to grant such a continuance would deny counsel for Defendant and the attorneys for the Government the reasonable time necessary for effective

preparation, taking into account the exercise of due diligence.

IT is further ordered that, pursuant to Section 3161(h)(1)(A) of the Speedy Trial Act, any period of delay resulting from the mental examination of Defendant shall be excluded from computation.

IT IS SO ORDERED.


| | |
|---|---|
| June 21, 2017 | /s/John R. Adams |
| Date | JOHN R. ADAMS |
| | UNITED STATES DISTRICT JUDGE |